**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NICOLAS MANRIQUEZ,** | ) | |
| **ID # 48231-177,** | ) | |
| **Movant,** | ) | **No. 3:16-CV-2330-D (BH)** |
| **vs.** | ) | **No. 3:14-CR-210-D (6)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Nicolas Manriquez ("Movant"), an inmate in the federal prison system, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence.  (Doc. 1.)  The respondent is the United States of America ("Government").

On October 2, 2014, Movant was charged in an information with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and he waived an indictment.  (*See* doc. 172; doc. 173.)[1]  He was convicted after pleading guilty and sentenced to 87 months' imprisonment, followed by a three-year term of supervised release.  (Doc. 315.)  Judgment was entered on April 20, 2015.  (*Id*.)  He did not appeal.

Movant's § 2255 motion, received on August 11, 2016, states that it was placed in the prison mail on June 24, 2016.  (No. 3:16-CV-2330-D, doc. 1 at 21.)  It alleged that there was no evidence

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-210-D(6).

to support an enhancement under U.S.S.G. § 2D1.1(b)(1) (two-level increase "if a dangerous weapon (including a firearm) is possessed"), citing *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final on May 4, 2015, when the fourteen days for filing an appeal from the judgment elapsed.  *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).  He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2).  The facts supporting his claim arose when he was sentenced.  Therefore, § 2255(f)(4) does not apply.

## A.    Newly Recognized Right

Although Movant cites *Johnson*, his claim does not assert a right newly recognized by the

Supreme Court under § 2255(f)(3).  In *Johnson,* the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process.  *Johnson*, 135 S. Ct. at 2563.  Movant was not sentenced under the ACCA, and *Johnson* did not recognize a new right regarding § 2D1.1(b)(1) of the sentencing guidelines.  *See United States v. Romero*, No. 05-20017-02-JWL, 2016 WL 4128418 at \*1 (D. Kan. August 3, 2016); *Galvan v. United States*, No. 3:16-CV-1493-B-BK, 2016 WL 3855881 at \*2 (N.D. Tex. July 5, 2016).  Section 2255(f)(3) therefore does not apply.  *Galvan* at \*2.[2]

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, May 4, 2015, the one-year statute of limitations began to run from that date.  He did not file his current § 2255 motion until June 24, 2016, at the earliest.[3]  It is untimely in the absence of equitable tolling.

B.     **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively

---

[2]  The Supreme Court has granted certiorari to determine whether *Johnson* should also apply to the sentencing guidelines and, if so, whether it should apply retroactively to cases on collateral review.  *See Beckles v. United States*, No. 15-8544 (June 27, 2016). The sentencing guideline at issue in this case does not include language similar to that in the residual clause of the ACCA at issue in *Johnson.*  Accordingly, this case will not be affected by *Beckles*.

[3]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.  *Holland v. Florida*,  130 S.Ct. 2549, 2562  (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, Movant bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling.  His § 2255 motion is untimely.

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 16th day of August, 2016.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE