IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS MANRIQUEZ, | ) | |
| ID # 48231-177, | ) | |
|     Movant, | ) | No. 3:16-CV-2330-D (BH) |
| vs. | ) | No. 3:14-CR-210-D (6) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 4) and the motion to stay (doc. 5), both received on September 8, 2016. Based on the relevant findings and applicable law, the amended § 2255 motion should be **DENIED** with prejudice as barred by the statute of limitations, and the motion to stay should also be **DENIED.**.

**I. BACKGROUND**

Nicolas Manriquez ("Movant") was convicted after pleading guilty to an information charging him with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and was sentenced to 87 months' imprisonment, followed by a three-year term of supervised release by judgment entered on April 20, 2016.  (*See* doc. 3.) He filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 alleging that there was no evidence to support an enhancement under U.S.S.G. § 2D1.1(b)(1), citing *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*See* doc. 1.) On August 16, 2016, it was recommended that the § 2255 motion be denied with prejudice as barred by the statute of limitations. (*See* doc. 3). Movant's amended § 2255 motion, which was signed August 24, 2016, was subsequently received on September 8, 2016. (*See* doc. 4.) He also moved for a stay pending the Supreme Court's decision in *Beckles v. United*

*States*, No. 15-8544 (June 27, 2016). (*See* doc. 5.)

## II. AMENDED § 2255 MOTION[1]

The amended § 2255 motion raises a new claim that counsel was ineffective for failing to challenge the validity of an enhancement under U.S.S.G. § 2D1.1(b)(1) (two-level increase "if a dangerous weapon (including a firearm) is possessed").

The new claim is barred by the statute of limitations for the same reasons as the original § 2255 motion. Movant's conviction became final on May 4, 2015, when the fourteen days for filing an appeal from the judgment elapsed, but he did not file his original § 2255 motion until June 24, 2016. (*See* doc. 3 at 1-2.) He still has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his original motion to vacate earlier so as to warrant equitable tolling. Even assuming for purposes of the amended motion that his new claim relates back to the filing of the original motion, it is still untimely.

## III. MOTION TO STAY

The motion to stay asks this case be stayed pending the decision of the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (*cert. granted* June 27, 2016). As noted in footnote 2 of the recommendation for dismissal (doc. 3), the Supreme Court has granted certiorari to determine whether *Johnson* should also apply to the sentencing guidelines and, if so, whether it should apply retroactively to cases on collateral review. Because the sentencing guideline at issue in this case does not include language similar to that in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), which was at issue in *Johnson*, this case will not be affected by *Beckles*. The motion to stay should therefore be **DENIED**.

---

[1] The amended § 2255 motion is liberally construed as a motion to amend the § 2255 motion and is **GRANTED**.

## IV.  RECOMMENDATION

The amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations, and the motion to stay should be **DENIED**.

**SIGNED this 16th day of September, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE